**INTERNATIONAL FUR & LEATHER WORKERS UNION OF UNITED STATES AND CANADA**

**v.**

**FARMER et al.**

**Civ. A. No. 5133–53.**

United States District Court
District of Columbia.

Nov. 19, 1953.

**36.**

Harold I. Cammer, New York City, and David Rein and Joseph Forer, Washington, D. C., for plaintiffs.

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Norton J. Come, Washington, D. C., Alan R. Waterstone, Detroit, Mich., Robert G. Johnson, Attorneys, National Labor Relations Board, Washington, D. C., for defendants.

KEECH, District Judge.

The court holds that the complaint sets forth a justiciable controversy, of which this court has jurisdiction. The defendant's motion to dismiss the complaint will therefore be denied.

▉▉ The court further holds that the defendants, National Labor Relations Board and the members thereof, under the conceded facts of the case, are without statutory authority to suspend the status of the plaintiff Union as in compliance with the filing provisions of Section 9(h) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 159(h); and that denial of the Board's machinery to the plaintiff Union under said circumstances is illegal and will result in irreparable injury to the plain-

tiff Union and its members. The plaintiff's motion for preliminary injunction will therefore be granted.

Counsel will present promptly appropriate findings of fact, conclusions of law, and order.

This cause came on to be heard on plaintiff's motion for a preliminary injunction and on defendants' motion to dismiss the complaint. The Court having heard the parties, having considered their memoranda filed herein and having issued its written ruling, upon the pleadings and papers herein, does this 23rd day of November, 1953, make the following findings of fact, conclusions of law, and order.

### Findings of Fact

1. The plaintiff, the International Fur & Leather Workers Union of United States and Canada, is a voluntary, unincorporated labor organization engaged in bargaining for and in behalf of its members with respect to their wages, hours and conditions of employment.

2. The defendants, Guy Farmer, Abe Murdock, Ivar H. Peterson and Philip Ray Rogers, constitute the National Labor Relations Board (hereinafter called the Board), which is a government agency created by the National Labor Relations Act of 1935, as amended, 29 U.S. C.A. § 151 et seq. (hereinafter called the Act). The principal place of business and office of the Board is in the District of Columbia.

3. In August, 1950, and annually thereafter in 1951, 1952, and 1953, the plaintiff duly filed with the Board the requisite registration statements, financial data and non-Communist affidavits and certificates of union officers as required by Section 9(f), (g) and (h) of the Act. Such compliance has been acknowledged by the Board. On June 11, 1953, the plaintiff duly received from the Board an official notification which stated: "The National Labor Relations

---

NOTE: Application of NLRB for stay of injunction pending appeal denied by trial court 11/24/53; 12/4/53 denied by U. S. Court of Appeals for the District of Columbia.

Board will consider your organization in compliance with Section 9(f) and (g) of the Act until December 31, 1953, and under Section 9(h) until May 31, 1954, provided there are no intervening changes in your officers."

4. There have been no intervening changes in the officers of the plaintiff.

5. On August 29, 1953, Ben Gold, the president of plaintiff, was indicted in this Court and charged with an offense under 18 U.S.C. § 1001. The indictment charged that the affidavit filed by him pursuant to 29 U.S.C.A. § 159(h) in August, 1950, was false. Said Gold pleaded not guilty to said indictment on September 4, 1953, and said indictment is now pending and undetermined.

6. On or about October 23, 1953, the Board promulgated a Statement of Policy wherein and whereby it set forth the following rules with respect to representation proceedings involving unions which have officers under indictment for false non-Communist affidavits:

"1. The Board will withhold action on petitions for Board representation elections filed by such unions, unless (a) another union is involved in the case and (b) to hold the petition in abeyance would prejudice the interests of the employer or the other union.

"2. If a union with an officer under indictment wins in an election, the Board will withhold certification of it as bargaining representative of the employees pending the outcome of the indictment against the union's officer or officers. Such unions will be permitted to take part in Board elections held at the request of an employer or another union."

7. Immediately upon the promulgation of said Statement of Policy the Board applied it to the plaintiff by reason of the then pending indictment against said Ben Gold and has refused and is now refusing to process representation petitions of the plaintiff or to allow it to participate in elections held on the petition of employers or rival organizations except subject to the conditions of said Statement of Policy.

8. The actions of the Board in adopting and applying the Statement of Policy are causing the plaintiff irreparable injury and, unless restrained, will continue to cause plaintiff irreparable injury by depriving it of its access to the representation procedures provided by the Act and of its rights under the Act.

## Conclusions of Law

1. The Court has jurisdiction in the premises.

2. The Board is without statutory authority to apply the Statement of Policy of October 23, 1953, so as to suspend, limit or restrict the compliance status of a union by reason of the indictment of one of its officers for filing a false affidavit under Section 9(h) of the Act.

3. The indictment of Ben Gold upon a charge of having filed a false affidavit in 1950 under Section 9(h) of the Act does not provide a basis for the Board's suspension, limitation or restriction of the compliance status of the plaintiff.

4. The Board's Statement of Policy of October 23, 1953, is illegal, null, and void.

5. Unless restrained, the action of the defendants will cause the plaintiff irreparable injury.

6. The plaintiff has no adequate remedy at law.

7. The plaintiff has exhausted its administrative remedies.

8. The plaintiff's application for a preliminary injunction restraining enforcement of the Statement of Policy of October 23, 1953, should be granted and the defendant's motion to dismiss the complaint should be denied.

## Order

Upon the entire record herein, it is by the Court ordered:

1. That the motion to dismiss the complaint be and it hereby is denied.

2. That the defendants, Guy Farmer, Abe Murdock, Ivar H. Peterson and

Philip Ray Rogers, constituting the National Labor Relations Board, their successors in office, and their subordinates, representatives, officers, agents, servants, employees and attorneys and all persons in active concert or participation with them, be, and they hereby are, pending the determination of this action, enjoined from:

a. In any way applying to the plaintiff said Statement of Policy promulgated October 23, 1953.

b. Limiting, restricting or suspending in any way the status of the plaintiff as a complying union by reason of the pending indictment of its president.